UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

v.  :  21-CR-151-CKK

BARTON SHIVELY  :

### DEFENDANT'S SUPPLEMENT TO POSITION WITH RESPECT TO SENTENCING

Mr. Barton Shively, through counsel, respectfully files this Supplement to his Memorandum in Aid of Sentencing. Mr. Shively's sentencing hearing is February 3, 2023 at 10:00 a.m.

*First*, counsel complies with the Court's January 31, 2023 Minute Entry to address that Officer N.T.'s "appears to allege" that Mr. Shively deployed bear spray at the officer. *Mr. Shively did not deploy bear spray at the officer*. Mr. Shively did not possess or use bear spray, or any weapon, at any time. As to the allegation of bear spray, the letter is written in the passive voice ("I was sprayed with bear spray."), and counsel is unclear if N.T. knows if the spray was used by other officers or by other civilians other than Mr. Shively. The government provides an exhibit/photograph of the assault against N.T. Mr. Shively uses his left arm to push off N.T. while attempting to kick a mace can out of a different officer's hand. Mr. Shively has nothing in his hands. The police deployed some type of spray after that. A government photograph/exhibit shows the effects of spray on Mr. Shively. Regardless, because Mr. Shively did not deploy bear spray on the officer, no enhancements apply.

1

*Second*, Mr. Shively's crimes are obviously serious and will result in punishment. But the punishment must account for his individualized circumstances, in accord with the principle announced by the Supreme Court that "the punishment should fit the offender and not merely the crime," *Pepper v. United States*, 562 U.S. 476, 477 (2011). In that regard, defense counsel has received an additional letter to provide to the Court. The letter is from a neighbor who has known Mr. Shively almost his entire life. She talks about his struggles and his good deeds. And she writes, "Bart is very remorseful, embarrassed and sorry that he even participated in this event. He was mislead about the purpose of the event and is ashamed if he hurt or frightened anyone." The letter is attached as an exhibit to this supplement.

*Third*, the defense supplements its materials with regard to deterrence. It is often presumed that incarceration is necessary to achieve deterrence, and that the more incarceration imposed, the greater the deterrent effect. However, research – *including that advanced by the U.S. Department of Justice* – has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects."[1] In short, there

---

[1] Michael Tonry, *Purposes and Functions of Sentencing*, 34 CRIME & JUST. 1, 28 (2006) ("Three National Academy of Science panels . . . reached that conclusion, as has every major survey of the evidence."); *see also* National Institute of Justice, *Five Things About Deterrence*, at 1 (May 2016), https://www.ojp.gov/pdffiles1/nij/247350.pdf (stating, among other things, that "[i]ncreasing the severity of punishment does little to deter crime," and "[t]he certainty of being caught is a vastly more powerful deterrent than the punishment"); Ellen Raaijmakers *et al.*, *Exploring the Relationship Between Subjectively Experienced Severity of Imprisonment and Recidivism: A Neglected Element in Testing Deterrence Theory*, 54 J. OF RSCH. IN CRIME AND DELINQ. 1, 4 (2017) ("[T]he available evidence points toward a null or a slightly criminogenic effect of imprisonment but has rarely found support for a clear specific deterrent effect."); Daniel S. Nagin, *Deterrence in the Twenty-First Century*, 42 CRIME & JUST. 199, 201 (2013) ("[T]here is little evidence of a specific deterrent effect arising from the experience of imprisonment

is little empirical support for the prospect that an additional period of confinement will be any more effective at deterring Mr. Shively or others from committing this offense. A sentence of twenty-seven months, not the thirty-seven months requested by the government, is sufficient for deterrence.

*Fourth*, this Court has materials with regard to sentencing events in other January 6, 2021 cases. In sentencing Mr. Shively, counsel respectfully submits that the Court should *also* consider the government's charging decisions and sentences imposed on rioters who attempted to breach a federal building in Portland, Oregon in protest during the summer of 2020 and at other, non-January 6 protest actions here in the District of Columbia and elsewhere. Counsel understands that Judge McFadden has ordered that the defense may use these cases and other related information in analyzing the 3553(a) factors. *United States v. Council*, 1:21-cr-207 (Oct. 12, 2022), attached as an exhibit to this Supplement.

Following the death of George Floyd, protestors descended on the Federal Courthouse in Portland, Oregon. According to the government, the protests in Portland were followed by "nightly criminal activity in the form of vandalism, destruction of property, looting, arson, and assault. . . the Courthouse has experienced significant damage to the façade, glass, and building fixtures during the weeks following this incident."[2] With just one single exception with facts markedly different than Mr.

---

compared with the experience of noncustodial sanctions such as probation. Instead, the evidence suggests that reoffending is either unaffected or increased."); Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 CARDOZO J. CONFLICT RESOL. 421, 447-48 (2007) ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity").

[2] *United States v. Bouchard*, case no. 3:20-mj-00165 (D. Ore. July 24, 2020), ECF 1-1 at 4-5.

Shively's, those protestors received diversionary agreements or their cases were outright dismissed by the government.

Consider for example, the case of Ty Fox. Mr. Fox was captured on video lighting and throwing a large firework that caused a large explosion at Portland police and state troopers during a protest.[3] Still, Mr. Fox was only charged with civil disorder and recently, his case was dismissed entirely upon motion of the government.[4] In another Portland riot case, a defendant "used a homemade shield to strike the officer in the face."[5] A search of the suspect revealed an "extendable baton, OC spray, steel plated body armor, helmet, individual first aid kid, shin guards, gas mask, goggles…" This defendant's charges were also ultimately dismissed.[6] And in a third case, a defendant "struck DUSM VICTIM 1 in the face with a shield and then punched DUSM Victim 1 in the face with a closed fist."[7] The defendant "resisted arrest by pulling his arms away from the DUSMs in an attempt to avoid being restrained."[8] This defendant's case was also dismissed.

In another case that occurred in the context of protests that took place during the summer of 2020, a defendant who threw a large firework at police officers was charged in D.C. Superior Court by the same U.S. attorney's office that charged Mr. Shively.[9]

---

[3] Maxine Berstein, *Astoria man accused of throwing a large firework at police during protest faces federal disorder charge*, OREGONIAN, Oct. 24, 2020; Oct. 24, 2020; https://www.oregonlive.com/portland/2020/10/astoria-man-accused-of-throwing-large-firework-at-police-during-protest-faces-federal-civil-disorder-charge.html

[4] United States v. Fox, 3:20-cr-501 (D. Ore. Mar. 4, 2022), ECF no. 33.

[5] *United States v. Johnson*, case no. 3:20-mj-00170 (D. Ore. July 27, 2020), ECF no. 1 at 5.

[6] 3:20-mj-00170, ECF no. 9.

[7] *United States v. Webb*, case no. 3:20-mj-00169 (D. Ore. July 27, 2021) ECF no. 1 at 5.

[8] *Id*. at 6.

[9] *United States v. Alanna Rogers,* Case No. 2020 CF3 006970 (D.C. Super. Ct. dismissed Sept. 30, 2020).

Though that defendant was initially charged with assault with a dangerous weapon and even though the M-80 style firework the defendant threw burned a police officer's pant leg and was recovered on the scene, the case was entirely dismissed pursuant to a *nolle prosequi* submitted by the government.

Counsel submits that the Court should also consider the cases of Colinford Mattis and Urooj Rahman, two lawyers who attended elite law schools convicted in federal court for conspiracy to commit arson and possession of an explosive device for throwing a homemade firebomb through a police car's window during protests over George Floyd's death. These cases have been in the national news including as recently as the sentencing of Mr. Mattis last week. Despite their crimes, Mr. Mattis was sentenced to just twelve months and one day and Ms. Rahman to fifteen months.[10]

Mr. Shively's counsel does not provide these cases to contend that Mr. Shively's case too at this stage should be dismissed, that the Court should sentence him to probation, or even that he should get the same less incarceration sentences as the New York City Molotov cocktail bombers. But these cases do counsel strongly in favor of the 27-month incarceration sentence recommended by counsel.

## CONCLUSION

For all the reasons provided in Mr. Shively's sentencing memorandum, this supplement, that shall be presented at his hearing, and for those just and fair identified by

---

[10] Thomas, David, *Judge Sentences Second New York lawyer in Molotov cocktail case*, REUTERS, January 26, 2023; https://www.reuters.com/legal/judge-sentences-second-new-york-lawyer-molotov-cocktail-case-2023-01-27; *see also* docket in *United States v. Mattis et al*, 1:20CR203-BMC, United States District Court of the Eastern District of New York.

this Court, the Court should sentence Mr. Shively to 27 months of incarceration, followed by a term of supervised release.

>Respectfully submitted,
>
>BARTON SHIVELY
>     By Counsel
>
>_____/s/_____
>Edward J. Ungvarsky, Esquire
>DC Bar No. 45934
>Ungvarsky Law, P.L.L.C.
>421 King Street, Suite 505
>Alexandria, Virginia 22314
>Desk: 571/207-9710
>Cell: 202/409-2084
>Fax: 571/777-9933
>ed@ungvarskylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January 2023, I electronically filed a true copy of the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties.

>_____/s/_____
>Edward J. Ungvarsky, Esquire
>DC Bar No. 45934
>Ungvarsky Law, P.L.L.C.
>421 King Street, Suite 505
>Alexandria, Virginia 22314
>Desk: 571/207-9710
>Cell: 202/409-2084
>Fax: 571/777-9933
>ed@ungvarskylaw.com