UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.: 21-CR-151 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **BARTON SHIVELY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER
OF RECUSAL AND DISQUALIFICATION [OF THIS COURT] AND
REASSIGNMENT TO ANOTHER JUDGE IN THE DISTRICT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion for Order of Recusal and Disqualification of this Court and Reassignment of this case to another judge in the district. *See* Defendant's Motions for Recusal ECF # 69 & 72. Ostensibly counsel for the defendant argues, *inter alia*, that this "Court's impartiality and fairness "might reasonably be questioned" by an objective observer, and because Mr. Shively is prejudiced as a result of the Court's actions," *see* Defendant's Motion for Recusal ECF # 69 at 1; and "because the factual information [regarding the defendant's troubling/disruptive/violent behavior at the D.C. Jail while awaiting sentencing in this matter] related during the hearing advance the unfortunate situation that, even if unintentional, there is a reasonable appearance of bias and partiality by the Court that makes this Court an inappropriate forum for Mr. Shively's sentencing determination." *Id*. at ECF # 72 at 1. These arguments are fundamentally flawed and lacks any factual or legal support. As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion:

1

**RELEVANT BACKGROUND**

After the defendant's plea of guilty and prior to his sentencing hearing, at a hearing on February 24, 2023, this Court outlined to the parties how the Court received an incident report for this defendant and what steps the Court took in contacting U.S. Probation to make any further inquiries regarding this matter. *See* 2/24/2023 Hearing Transcript at 6-9.[1] As such, this Court allowed the parties, if needed, to file any supplement to their respective sentencing memorandums. Initially, because the government in its sentencing memorandum asked for the defendant to be sentenced at the high-end of the sentencing guidelines, the government did not file any supplemental sentencing memorandum; however, counsel for the defendant first filed a supplemental motion for recusal on February 27, 2023 – *see* ECF # 69 and filed his second supplemental motion for recusal on March 19, 2023 – see ECF # 72.

**LEGAL STANDARD**

Recusal "must be limited to truly extraordinary cases where . . . the judge's views have become 'so extreme as to display clear inability to render fair judgment[.]'" *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006) (*quoting Liteky v. United States*, 510 U.S. 540, 551 (1994)). Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. A judge's remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. "Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having

---

[1] The Court had previously informed the parties in an email and attached the defendant's incident report on or about February 2, 2023. At that time, the Court directed the parties the review the report accordingly in anticipation of the upcoming sentencing hearing.

2

been confirmed as federal judges, sometimes display." *Id*. at 555-56. The threshold showing for bias "is high," and "must be based on an abiding impression left from a reading of the entire record, . . . not from particular comments or rulings considered in isolation." *United States v. Edmond*, 52 F.3d 1080, 1099 (D.C. Cir. 1995) (citation and quotation marks omitted).

The defendant's allegations that "there is a reasonable appearance of bias and partiality by the Court" fall far short of establishing that the Court should be recused in this case. Indeed, the Court outlined in particular details to the parties any issues regarding this defendant's disciplinary report; specifically, the Court noted:

> . . . So there's a narrow question here whether a judge can assist the probation office in obtaining relevant records for the presentence report that probation cannot practically access but the judge can without the judge having to recuse themselves. So let me go through a couple of points, and then I do need to correct the record. First, for defendant's release into the community, we get pretrial service's reports on compliance with the conditions of release. And for detained defendants, the disciplinary records, or lack thereof, are all relevant, both pretrial, as well as the disciplinary records -- or if there aren't any -- are all relevant and probative on the issue of whether the defendant is going to be deterred from further criminal conduct or would comply with court orders. And deterrence is a factor for the Court to consider in sentencing pursuant to 18 U.S.C. 3553(a), which sets out various factors for me to consider. Pretrial service reports are readily available to the Court. As to disciplinary records for those detained, according to Brian Shaffer, who is the chief of our probation office, the Bureau of Prisons records are easily accessible, but the Department of Corrections records are difficult to access and have -- are difficult to also get them in a timely manner, at least in the past. Mr. Shaffer considers the disciplinary records, or lack of them, both probative and relevant on the issue of deterrence. On hearing about my inquiry of the probation officer in this case, he arranged separately, unbeknownst to me, with the legal counsel for the Department of Corrections to obtain these disciplinary records for all defendants in the future – for inclusion in all presentence reports in the future. He also independently requested the disciplinary records in this case. Again, on his own. I would say that both Mr. Shaffer and Mr. Glover, who is the legal counsel, are on a court interagency committee which deals with Department of Corrections issues as well as some other

> issues, and that is what, evidently, they had in a conversation because both of them are on the same committee, from what I understand from Mr. Shaffer. Second, both Mr. Shaffer and, frankly, most, if all not all, judges are of the view that this information is best included in writing in the presentence reports and provided in advance of sentencing instead of brought up orally at the sentencing proceedings, which has tended to be the case with the Department of Corrections. Third, this case illustrates how a judge at the request of the probation office can assist in gathering relevant information for a presentence report and not be acting extrajudicially. Now, as to the facts in this case, I need to correct an email that was sent from chambers with the disciplinary record provided by the Department of Corrections that stated erroneously that the email in September of 2022, regarding some incidents at the Department of Corrections, which was reported by Lamont Ruffin, who is the Chief U.S. Marshal for D.C., including names of defendants and case numbers. It did not. Marshal Ruffin sends from time to time to our Chief Judge an email that sets out incidents of note that have occurred at the Department of Corrections or elsewhere where they've placed defendants and/or if there's issues of conditions. The Chief Judge generally sends the email out to all of the judges. The email that I received in chambers, I read, received, and didn't share with my staff. So that's why there was some confusion here. Mr. Ruffin sends out these emails reporting these notable incidents at the Department of Corrections involving defendants detained by order of the federal court. He has not included names and case numbers with these emails. And I, frankly, contacted him and confirmed that I was accurate as to this particular email. The judge would then be contacted if the defendant at issue was going to be moved to another facility. I received no such notice; so I made no further inquiry. Therefore, I had no knowledge of the defendant having a disciplinary record when I accepted his plea, scheduled the sentencing, and ordered the presentence report.

*See* 2/24/2023 Hearing Transcript at 2-5.

As previously discussed above and as the Court stated on the record to the parties and a review of the complete record in this case, the Court's actions were not erroneous, much less evidence of bias. *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Rather, a litigant moving for recusal "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of

4

partiality," *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, 710 F.Supp.2d 77, 78 (D.D.C. 2010), aff'd, 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011); *see also Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988) ("It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 must be based upon prejudice from an extra-judicial source."), for example, a decision that "rests upon knowledge that the subject ought not to possess," *Liteky*, 510 U.S. at 550. Alternatively, recusal may be appropriate "in rare cases, where no extrajudicial source is involved" if the movant presents evidence showing "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Middlebrooks*, 710 F. Supp. 2d at 78, such as when "an unfavorable predisposition" that "springs from the facts adduced" during the case "is so extreme as to display clear inability to render fair judgment," *Liteky*, 510 U.S. at 550. However, "[a] judge should not recuse himself based upon conclusory, unsupported or tenuous allegations," *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 54, 66 (D.D.C. 2010) (*quoting Panahi v. U.S. Congress*, 105 F. App'x. 270, 274 (D.C. Cir. 2004) (*per curiam*)), and, as noted, "mere disagreement with the Court's judicial rulings" will never "provide a proper ground for recusal." *Klayman v. Judicial Watch, Inc.*, 744 F. Supp. 2d 264, 276 (D.D.C. 2010).[2]

More broadly, "[T]o be disqualifying, the alleged bias and prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The Supreme Court explained the reasoning behind the "'extrajudicial source' limitation" as follows:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and

---

[2] *See Gable v. United States*, 2019 WL 95561 (D.D.C. 2019).

necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. *Liteky v. United States*, 510 U.S. 540, 550-54 (1994) (holding extrajudicial source limitation applies to 28 U.S.C. § 455(a)). However, even if a judge's favorable or unfavorable disposition towards a party was properly and necessarily acquired in the course of the proceedings, recusal nevertheless may be warranted where the disposition "is so extreme as to display clear inability to render fair judgment." *Id*. at 551; *see also id*. at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Simply stated, the defendant cannot meet the above standard. Here, the defendant relies on the faulty premise that this Court somehow received information regarding this defendant which now makes this Court bias or prejudiced against the defendant. Just those allegations are not enough. Therefore, based on the facts of this case and the background the Court has stated to the parties at the February 24, 2023, hearing in this matter, the defendant cannot meet the above standard or show any bias or prejudice of this Court.

**Reassignment to a Different Judge Is Not Warranted.**

The defendant also request that this case be reassigned to different district judge (*See* Defendant's Motions for Recusal ECF # 69 & 72) should be denied. Reassignment is warranted "only in the exceedingly rare circumstance that a district judge's conduct is 'so extreme as to display clear inability to render fair judgment.'" *In re Kellogg Brown & Root*, 756 F.3d 754, 763 (D.C. Cir. 2014) (*quoting Liteky v. United States*, 510 U.S. 540, 551 (1994)). This is not one of those "exceedingly rare circumstances." Here, as outlined above, there is no evidence that this Court in any way acted improperly and the Court's actions 'simply do not establish bias or prejudice.'" 818 F.3d at 751 (*quoting In re Barry*, 946 F.2d 913, 914 (D.C. Cir. 1991)). The record also does not suggest "deep-seated . . . antagonism that would make fair judgment impossible."

*Liteky*, 510 U.S. at 555. Accordingly, there is "no reason to doubt this Court's ability to render fair judgment going forward." 818 F.3d at 751. Reassignment thus is unwarranted.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Defendant's motion for Order of Recusal and Disqualification of this Court and Reassignment of this case to another judge in the district be DENIED.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   */s/Emory V. Cole*
Emory V. Cole
PA. Bar #49136
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
E-mail: Emory.Cole@usdoj.gov
Telephone: (202) 252-7692