UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

v.                              :        21-CR-151-CKK

BARTON SHIVELY                  :

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT MOTION FOR RECUSAL

In ECF 73, the government responded yesterday to Barton Shively's motion for recusal, his supplemental motion to recuse, and upon review of the transcript, his supplement in support of his motions to recuse, *see* ECF 66, 69, & 72. The government opposed the motion. Mr. Barton herein replies. Because most of the government's opposition is boilerplate concerning a recusal theory and a procedural posture not presented by Mr. Shively's motions, exhibits, and supplement, this reply is necessarily brief.

As this Court knows, Mr. Shively did not contend that recusal is warranted because this Court has expressed personal animus toward Mr. Shively or because this Court made an adverse legal ruling. To the contrary, his recusal motion and supplemental recusal motion made clear the absence of any expressions of personal animus by the Court and that no specific legal ruling, adverse or otherwise, motivated the filing. Mr. Shively's recusal motion is grounded in this Court's *ex parte*, extrajudicial, and improper investigation of his case and obtaining and apparently reviewing materials received in response to the Court's action that resulted inclusion

1

of adverse disciplinary information in his presentence report, creating a reasonable appearance of bias and partiality that warrants recusal under the recusal statute. Put another way, respectfully, the Court "engag[ed] in improper outside communications" and obtained information outside the adversarial system. *Cobell v. Kempthorne*, 455 F.3d 317, 331 (D.C. Cir. 2006).

In ignoring the issue as presented, the government "advances a different argument," *id.*; cites the wrong portion of *Cobell*, *see* Resp. at 2-3; and mis-frames the legal issue before the Court. To minimize redundancy, Mr. Shively directs the Court to his prior pleadings. In doing so, the government does not grapple with the reasonable appearances of impropriety that arise from the Court's actions, as discussed in Mr. Shively's three prior pleadings. Mr. Shively is confident that that this Court, upon review, will recognize the complications and troubling appearances of the procedural history.

To present an analogous hypothetical to what seems to have occurred here: If the probation officer had told the Court that a family member of a defendant whose name and contact information is given as a corroborating witness for the presentence investigation did not answer or return phone calls, the Court would not take it upon itself to call the family members to inquire about the defendant and his history. If a judge did so, a judge would be acting extra-judicially. Counsel is thus unaware of this Court, or any federal judge, ever doing so. Instead, under those circumstances, the presentence report would reflect, as they often do, an absence of information from the potential corroborating witness. Similarly, here, Mr. Shively's final presentence

2

report was absent discussion of his DOC disciplinary history prior to the Court's extrajudicial phone call. That is apparently the norm, a norm modified only as a result of this Court's extrajudicial action. The DOC records were not "properly and necessarily acquired in the course of the proceedings," *Liteky v. United States*, 510 U.S. 540, 551 (1994); resulted in "knowledge that the [Court] ought not to possess," *id.* at 550; and requires this Court's recusal under section 455(a).

Recusal motions are properly brought in the first instance before the district court judge, and that is what Mr. Shively is doing here. If the motion is denied, the matter is preserved for appellate review by the D.C. Circuit upon the conclusion of the case and the notice of appeal. Citation to cases concerning when the Circuit might exercise its supervisory authority to reassign a case to a different judge, *see* Resp. at 6-7, are unhelpful to this Court's determination of the question before it.

The most telling aspect of the government's response is what it *does not* oppose. While opposing recusal, the primary relief sought, the government *does not* oppose the secondary relief sought by Mr. Shively – that the Court grant his request to expand and complete the factual record regarding recusal to enable the appellate review.

In ECF 69, Mr. Shively requested as alternative relief to an order of recusal:

> If the Court is inclined to deny the motion to recuse and disqualify, the defense moves that the Court make as part of the record all written communications that relate to facts here between the Court and any representative of U.S. Probation (including the head of Probation and the specifically assigned PSR writer), between it and the Department of Corrections (including but not limited to the General Counsel), and between it and the U.S. Marshal. Similarly, if inclined to deny the motion, the defense moves that the Court order Department of

>Corrections, U.S. Probation, and the U.S. Marshal to provide copies of all email correspondence among each of them, and with the Court, for inclusion in the record for appellate review. And because, but for what appeared to be a contrary statement from the PSR writer as to when she initiated contact with the Department of Corrections for records there are no direct representations from the head of probation, the general counsel of DOC, and the U.S. Marshal, the defense moves that the Court order that each participant in the communications among each other and the Court concerning Mr. Shively's DOC record and/or sentencing submit a written statement about the communications, their timing, and their content for the appellate record.

ECF 69 at 7-8 n.2.

In ECF 71, Mr. Shively reiterated his motion for alternative relief that the Court expand the complete the record if inclined to deny the motion to recuse: "Mr. Shively renews his request from his supplemental motion that all emails related to the Court's inquiry and receipt of his DOC records are made part of the record for appellate review in this case, if the Court denies his motion to recuse. *See* ECF 69 at 7 n.2." ECF 71 at 3 n.1.

The government does not oppose Mr. Shively's motion for alternative relief. If the Court does deny the motion to recuse, the Court should, minimally, expand the record as sought by Mr. Shively in ECF 69 and ECF 71. Making a full, accurate record now is a far better approach than the Circuit's remanding the case back to the district court to complete the record after an appeal is filed.

>Respectfully submitted,
>
>BARTON SHIVELY
>    By Counsel
>
>
>_____/s/_____
>Edward J. Ungvarsky, Esquire

4

>DC Bar No. 45934
>Ungvarsky Law, P.L.L.C.
>421 King Street, Suite 505
>Alexandria, Virginia 22314
>Desk: 571/207-9710
>Cell: 202/409-2084
>Fax: 571/777-9933
>ed@ungvarskylaw.com